UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
WELLS FARGO BANK, N.A., AS TRUSTEE
FOR OPTION ONE MORTGAGE LOAN
TRUST 2006-1, ASSET-BACKED
CERTIFICATES, SERIES 2006-1,

              Plaintiff,

       -against-

INDIRA DREPAUL; DASRAT NANDRAM;
IMELDA NANDRAM; BHOJRAM NANDRAM;
NEW YORK CITY ENVIRONMENTAL
CONTROL BOARD; NEW YORK CITY
DEPARTMENT OF HOUSING, PRESERVATION
& DEVELOPMENT; "JOHN DOE #1" through
"JOHN DOE #12," the last twelve names being
fictitious and unknown to plaintiff, the persons or
parties intended being the tenants, occupants,
persons or corporations, if any, having or claiming
an interest in or lien upon the Subject Property
described in the Complaint,

            Defendants.
-------------------------------------------------------------X

REPORT AND
RECOMMENDATION
25 CV 2185 (DG)(RML)

LEVY, United States Magistrate Judge:

       By order dated July 10, 2025, the Honorable Diane Gujarati, United States District Judge, referred plaintiff's motion for default judgment to me for report and recommendation.  For the reasons stated below, I respectfully recommend that the motion be granted.

## BACKGROUND

       Plaintiff Wells Fargo Bank, N.A., as Trustee for Option One Mortgage Loan Trust 2006-1, Asset-Backed Certificates, Series 2006-1 ("Plaintiff"), a South Dakota national association, filed this action on April 18, 2025 pursuant to New York Real Property Actions and Proceedings Law § 1301, *et seq.*, to foreclose a mortgage encumbering the residential property at

14538 South Road a/k/a 14538 Tuskegee Airmen Way, Jamaica, New York 11435 (the "Property"). (See Complaint, dated Apr. 18, 2025 ("Compl."), Dkt. No. 1, ¶¶ 1, 2.) Defendant Bhojram Nandram is the record owner of the Property. (Id. ¶ 6, Ex. 2.) Defendants Indira Drepaul, Dasrat Nandram, and Imelda Nandram (the "Borrowers") are obligors on the Note and Mortgage. (Id. ¶¶ 3-5, 12, Exs. 5, 6.) The Note, executed on October 19, 2005, was in the original amount of $456,000. (Id. ¶ 12, Ex. 5.) By Loan Modification Agreement dated June 1, 2016, the loan was modified to create a new mortgage amount of $881,414.05. (Id. ¶ 14, Ex. 7.) On March 21, 2018, the loan was modified again, creating a new mortgage amount of $946,023.91. (Id. ¶ 15, Ex. 8.) According to the complaint, the Borrowers defaulted on their obligation by failing to make monthly payments beginning September 1, 2023. (Id. ¶ 20.) Plaintiff seeks a judgment of foreclosure and sale in the amount of $738,450.11 as of May 6, 2025. (See Declaration of Claribel Lopez, dated May 13, 2025 ("Lopez Decl."), Dkt. No. 19-9, ¶ 13, Ex. 11.) The New York City Environmental Control Board ("ECB") and New York City Department of Housing, Preservation and Development ("HPD") (together, the "municipal defendants") are named as defendants because they hold judgment liens subordinate to the lien of the Mortgage. (Compl. ¶¶ 7, 8, Exs. 3, 4.)

All defendants were properly served with the summons and complaint. (See Affirmations of Service of Willem Joseph, dated May 20, 2025, Dkt. Nos. 11-14; Affirmations of Service of Aaron Jones, dated May 21, 2025, Dkt. Nos. 15, 16.) On June 16, 2025, the Clerk of the Court entered defendants' defaults. (Certificate of Default, dated June 16, 2025, Dkt. No. 18.)

2

## DISCUSSION

A. Default Judgment Standard

The Federal Rules of Civil Procedure prescribe a two-step process for a plaintiff to obtain a default judgment. First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default," as it has done here. FED. R. CIV. P. 55(a). Second, after a default has been entered against the defendants and the defendants fail to appear or move to set aside the default under Rule 55(c), the court may, on a plaintiff's motion, enter a default judgment. FED. R. CIV. P. 55(b)(2). To grant a default judgment, the court must ensure that the plaintiff took all the required steps in moving for default judgment, including providing proper notice to defendants of the lawsuit. Here, as explained above, plaintiff has demonstrated that all defendants were properly served with the summons and complaint. Plaintiff has also demonstrated that defendants were served with the Motion for Default Judgment and accompanying submissions in compliance with Local Civil Rule 55.2(c). (See Certificate of Service of Rosaria Scibilia, dated July 9, 2025, Dkt. No. 20.)

An entry of default alone is insufficient to establish liability, "since a party in default does not admit mere conclusions of law." Trs. of the Plumbers Loc. Union No. 1 Welfare Fund v. Philip Gen. Constr., No. 05 CV 1665, 2007 WL 3124612, at *3 (E.D.N.Y. Oct. 23, 2007) (citation omitted). A defendant's "default is deemed to constitute a concession of all well pleaded allegations of liability." Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992). Where a plaintiff moves for default judgment, the court "is required to accept all of [the plaintiff's] factual allegations as true and draw all reasonable inferences in [the plaintiff's] favor." Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009)

3

(citing Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981)).  The court must also "determine whether [the plaintiff's] allegations establish [the defendants'] liability as a matter of law."  Id.

      B.  Standing

Since plaintiff is not an original party to the Note, I will briefly address plaintiff's standing to bring this foreclosure action.  "Under New York law, '[a] plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that, when the action was commenced, it was either the holder or assignee of the underlying note.'"  E. Sav. Bank, FSB v. Thompson, 631 F. App'x 13, 15 (2d Cir. 2015) (summary order) (quoting Wells Fargo Bank, N.A. v. Rooney, 19 N.Y.S.3d 543, 544 (2d Dep't 2015)).  So long as the Note is transferred through physical delivery or a written assignment before the foreclosure action is commenced, "the mortgage passes with the debt as an inseparable incident."  Thompson, 631 F. App'x at 15 (quoting U.S. Bank, N.A. v. Collymore, 890 N.Y.S.2d 578, 580 (2d Dep't 2009)); see also Lasalle Bank Nat'l Ass'n v. Ahearn, 875 N.Y.S.2d 595, 597 (3d Dep't 2009) ("[A]n assignee of such a mortgage does not have standing to foreclose unless the assignment is complete at the time the action is commenced.").  The execution date is controlling as an effective date of the assignment when the assignment is in writing.  Lasalle Bank, 875 N.Y.S.2d at 597.

Plaintiff has owned and maintained possession of the Note since March 2009. (See Lopez Decl. ¶ 8, Ex. 7; Compl. ¶ 16, Ex. 9.)  In support of its motion, plaintiff has filed copies of the Note, the Mortgage, the Loan Modification Agreements, and the assignment that gave plaintiff possession.  (See Lopez Decl., Exs. 3-7.)  Plaintiff has therefore submitted sufficient documentation to demonstrate that it has standing to bring this action.  See Aurora Loan Servs., LLC v. Taylor, 34 N.E.3d 363, 366 (N.Y. 2015) ("[T]he note . . . is the dispositive

instrument that conveys standing to foreclose under New York law. . . .[T]he note was transferred to [plaintiff] before the commencement of the foreclosure action—that is what matters.")

### C. Notice

Before commencing a foreclosure action, a lender must comply with certain procedural requirements set forth in New York's Real Property Actions and Proceedings Law ("N.Y. R.P.A.P.L."). Freedom Mortg. Corp. v. Thomas, 736 F. Supp. 3d 163, 166 (W.D.N.Y. 2024) (citing CIT Bank N.A. v. Schiffman, 168 N.E.3d 1138, 1140 (N.Y. 2021)). First, the lender in a foreclosure action involving a private residence must provide the borrower with a notice ninety days before commencing the action that informs the borrower: "You may be at risk of foreclosure." N.Y. R.P.A.P.L. § 1304. The ninety-day notice must be sent "by registered or certified mail and also by first-class mail to the last known address of the borrower, and to the residence that is the subject of the mortgage." N.Y. R.P.A.P.L. § 1304(2). Within three business days of mailing the ninety-day notice, the lender must also file certain information with the Superintendent of the New York State Department of Financial Services. N.Y. R.P.A.P.L. § 1306. "Courts in this Circuit have concluded that compliance with §§ 1304 and 1306 is . . . a prerequisite that 'the plaintiff has the burden of establishing.'" Freedom Mortg. Corp. v. Cadet, No. 19 CV 3158, 2023 WL 6594017, at *3 (E.D.N.Y. Mar. 10, 2023), report and recommendation adopted, 2023 WL 6358070 (E.D.N.Y. Sept. 29, 2023) (collecting cases).

In addition to satisfying the requirements of N.Y R.P.A.P.L. §§ 1304 and 1306, lenders foreclosing on residential properties must serve with the summons and complaint a notice entitled "Help for Homeowners in Foreclosure" that meets specific formatting requirements. N.Y. R.P.A.PL. § 1303. Where the residential property contains "not more than three units," the foreclosing lender must also serve with the summons and complaint a special

5

notice informing the borrower: "You are in danger of losing your home." N.Y. R.P.A.P.L. § 1320.

New York law further requires the foreclosing lender to file a notice of pendency in the clerk's office of the county in which the mortgaged property is situated at least twenty days prior to final judgment. N.Y. R.P.A.P.L. § 1331. New York Civil Practice Law and Rules § 6511(b) requires that the notice of pendency state, among other things, the names of the parties to the action, the object of the action, and a description of the property affected.

I have reviewed plaintiff's documentation and find that plaintiff has satisfied all of New York's procedural requirements for a foreclosure action. (See Lopez Decl. ¶¶ 10-12, Exs. 8-10; Declaration of Jamie C. Krapf, Esq., dated July 7, 2025 ("Krapf Decl."), ¶ 13, Ex. 2; Affirmations of Service of Willem Joseph, dated May 20, 2025, Dkt. Nos. 11-14.)

D. Mortgage Foreclosure

Federal courts sitting in diversity apply the substantive law of the forum state. Burt Rigid Box, Inc. v. Traveler's Prop. Cas. Corp., 302 F.3d 83, 91 (2d Cir. 2002). Under New York law, a plaintiff seeking to foreclose on a mortgage must demonstrate "the existence of the mortgage, ownership of the mortgage, and the defendant's default in payment on the loan [secured by the mortgage]." OneWest Bank, N.A. v. Hawkins, No. 14 CV 4656, 2015 WL 5706945, at *5 (E.D.N.Y. Sept. 2, 2015) (citing Campaign v. Barba, 805 N.Y.S.2d 86 (2d Dep't 2005)). Thus, once the plaintiff submits the mortgage, the unpaid note, and evidence of the default, it has established a *prima facie* entitlement to judgment. See BH99 Realty, LLC v. Qian Wen Li, No. 10 CV 693, 2011 WL 1841530, at *3-4 (E.D.N.Y. Mar. 16, 2011); see also United States v. Watts, No. 13 CV 3211, 2014 WL 4275628, at *2 (E.D.N.Y. May 28, 2014) ("[O]nce a plaintiff mortgagee in a foreclosure action has established a prima facie case by presenting a

6

note, a mortgage, and proof of default, it has a presumptive right to foreclose that can only be overcome by an affirmative showing by the mortgagor.").

Here, plaintiff has established a *prima facie* entitlement to a judgment of foreclosure. Plaintiff has presented evidence of the Note, the Mortgage, and the Loan Modification Agreements. (See Lopez Decl., Exs. 3-6.) In addition, plaintiff has established defendants' default on their obligations under the Mortgage. (See Lopez Decl. ¶ 9, Ex. 11.) Having defaulted in answering or otherwise responding to plaintiff's complaint, defendants have failed to contest the existence and validity of the Note, Mortgage or Loan Modification Agreements or the Borrowers' default under these documents and, therefore, are deemed to have admitted these facts. I therefore recommend that plaintiff's motion for default judgment be granted with respect to the Borrowers.

I further recommend that plaintiff's motion for default judgment be granted as to defendant Bhojram Nandram, limited to foreclosure on the Property. See Miss Jones, LLC v. Bisram, No. 16 CV 7020, 2018 WL 2074200, at *3 (E.D.N.Y. Feb. 5, 2018), report and recommendation adopted, 2018 WL 2074205 (E.D.N.Y. Feb. 22, 2018) (granting default judgment and order of foreclosure and sale against record owner of property not alleged to have been a signatory to the note or mortgage); JXB 84 LLC v. Khalil, No. 15 CV 6251, 2017 WL 1184001, at *4 (E.D.N.Y. Feb. 17, 2017), report and recommendation adopted, 2017 WL 1184141 (E.D.N.Y. Mar. 29, 2017) (same).

E. Damages

If the complaint suffices to establish liability, the court must "conduct an inquiry . . . to ascertain the amount of damages with reasonable certainty." Credit Lyonnais Sec. (USA), Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999). "The plaintiff bears the burden of presenting

proof of damages, which may take the form of documentary evidence or detailed affidavits." Sanchez v. Ms. Wine Shop Inc., 643 F. Supp. 3d 355, 365 (E.D.N.Y. 2022) (quoting Joe Hand Promotions, Inc. v. Benitez, No. 18 CV 6476, 2020 WL 5519200, at *3 (E.D.N.Y. Aug. 27, 2020), report and recommendation adopted, 2020 WL 5517240 (E.D.N.Y. Sept. 14, 2020)); see also Action S.A. v. Marc Rich & Co., 951 F.2d 504, 508 (2d Cir. 1991).  "There must be an evidentiary basis for the damages sought by plaintiff, and a district court may determine there is sufficient evidence either based upon evidence presented at a hearing or upon a review of detailed affidavits and documentary evidence."  Cement & Concrete Workers Dist. Council Welfare Fund, 699 F.3d at 234 (citing FED. R. CIV. P. 55(b)(2)); see also Fustok v. ContiCommodity Servs., Inc., 873 F.2d 38, 40 (2d Cir. 1989).

The Note and Mortgage, as the governing instruments, should determine any default damages.  Builders Bank v. Rockaway Equities, LLC, No. 08 CV 3575, 2011 WL 4458851, at *5 (E.D.NY. Sept. 23, 2011).  A party can substantiate damages by providing a "transaction history or detailed breakdown of the date and amount of each type of disbursement." Empire Cmty. Dev., LLC v. Larsen, No. 23 CV 5896, 2024 WL 4575290, at *3 (E.D.N.Y. Oct. 24, 2024) (citation omitted), report and recommendation adopted, 2025 WL 327985 (E.D.N.Y. Jan. 29, 2025) (finding plaintiff's loan summary "that ke[pt] a running total of payments through" the date of the defendant's last payment paired with detailed interest calculations sufficient to establish damages amount).

Plaintiff seeks a judgment of foreclosure and sale in the amount of $738,450.11, plus interest from May 7, 2025 to the date of judgment at the rate of 3.375 percent per annum. (Lopez Decl. ¶ 13, Ex. 6 at 3 (setting interest rate of 3.375 percent); see also Compl. ¶¶ 23, 25.) Plaintiff has provided the Borrowers' payment history, showing the principal balance.  (See

8

Lopez Decl., Ex. 11.)  This is sufficient to establish the amount due.  E. Sav. Bank, FSB v. Beach, No. 13 CV 341, 2014 WL 923151, at *10-11 (E.D.N.Y. Mar. 10, 2014) (awarding plaintiff amount requested where plaintiff provided the defendants' payment history).  As of May 6, 2025, the total amount due under the Note and Modification Agreements was $738,450.11, which includes principal of $685,369.62; $40,796.47 in interest; $15,525.30 in escrow advances, plus additional costs.  (Lopez Decl. ¶ 13.)  I therefore recommend that judgment be entered in the amount of $738,450.11 plus interest at the rate of 3.375 percent from May 7, 2025 to the date of judgment.

F.  Attorney's Fees and Costs

Plaintiff seeks an award of $6,800 in attorney's fees and $3,033.50 in costs. (Declaration of Jamie C. Krapf, Esq. in Support of Plaintiff's Request for an Award of Reasonable Attorneys' Fees, dated July 7, 2025 ("Krapf Fee Decl."), Dkt. No. 19-6, ¶ 9; Bill of Costs, dated July 7, 2025 ("Bill of Costs"), Dkt. No. 19-5.)  "A plaintiff in a foreclosure action may recover attorneys' fees and costs against a borrower-defendant if the note or mortgage provides for such an award."  See U.S. Bank Nat'l Ass'n as Tr. for RMAC Tr., Series 2016-CTT v. Swezey, No. 20 CV 91, 2022 WL 1422841, at *10 (E.D.N.Y. Mar. 24, 2022), report and recommendation adopted, 2022 WL 2390989 (E.D.N.Y. July 1, 2022).  Under the terms of the Note, the Borrowers agreed to reimburse the note holder for "all of its costs and expenses in enforcing" the Note, including "reasonable attorneys' fees."  (Lopez Decl., Ex. 3, ¶ 6(D).)  In addition, the terms of the Mortgage entitle plaintiff to recover reasonable attorney's fees and costs incurred if the Borrowers default.  (Id., Ex. 4, ¶¶ 7, 21.)

"[A]n award of attorneys' fees pursuant to a contractual provision may only be enforced to the extent that the amount is reasonable and warranted for the services actually

9

rendered."  Exec. Risk Indem., Inc. v. Fieldbridge Assocs. LLC, 642 F. App'x 25, 25 (2d Cir. 2016) (summary order) (cleaned up); see also Carco Grp., Inc. v. Maconachy, 718 F.3d 72, 86 (2d Cir. 2013) ("[T]he touchstone for an award of attorneys' fees pursuant to a contract is reasonableness."); Proimmune Co. v. Holista Colltech Ltd., No. 20 CV 1247, 2024 WL 54281, at *1 (S.D.N.Y. Jan. 4, 2024) (where the contract "unmistakabl[y]" entitles plaintiff to a fee award, the court must still "examine whether Plaintiff's request is reasonable") (citation omitted).  "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."  Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany, 522 F.3d 182, 186 (2d Cir. 2008) (quoting Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)).  This calculation yields a "presumptively reasonable fee," commonly referred to as the "lodestar."  Millea v. Metro-North R.R. Co., 658 F.3d 154, 166 (2d Cir. 2011) (quoting Arbor Hill, 522 F.3d at 183).  Although originally developed for use in civil rights actions, "the same principle has been applied to awards of contractual attorney's fees."  Byline Bank v. SDS Dining Corp., 22 CV 6439, 2024 WL 1422812, at *5 (S.D.N.Y. Apr. 3, 2024) (collecting cases).  Within this broad mandate, the district court has "considerable discretion" in determining the amount of the award.  Arbor Hill, 522 F.3d at 190.

An application for attorney's fees must be accompanied by contemporaneous time records specifying, for each attorney, the date, the hours expended, and the nature of the work done.  N.Y. State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1147-48 (2d Cir. 1983).  In addition, costs must be substantiated with invoices or other documentation.  See 5316 Church Ave., LLC v. Yhun, No. 14 CV 7376, 2018 WL 6204615, at *4 (E.D.N.Y. July 18, 2018), report and recommendation adopted as modified, 2018 WL 6201709 (E.D.N.Y. Nov. 28, 2018).

10

Plaintiff's counsel's hourly rates for work performed in residential mortgage foreclosure actions are $330 for attorneys and $100 for paralegals.  (Krapf Fee Decl. ¶ 8.)  According to counsel's submission, Jamie C. Krapf, an associate with the law firm of McCabe, Weisberg & Conway LLC who was admitted to practice in 2004, spent thirteen hours working on this case, and a paralegal spent 28.5 hours.  (Id. ¶¶ 1, 11, Ex. 1.)  This results in a fee award of $7,140, but plaintiff's counsel requests a lower award of $6,800.  (Id. ¶ 9.)

However, plaintiff's counsel has not submitted contemporaneous time records.  Instead, counsel has provided an estimate of its hours, noting that the firm is paid a "flat fee of $6,800 from its client for each foreclosure action handled."  (Id.)  "In general, courts in this Circuit will not award attorney's fees assessed at a flat-rate unless the supporting documentation is detailed enough to satisfy the Second Circuit's requirement that attorneys' fees must be based on contemporaneous time records specifying relevant dates, time spent and work done."  United States v. Basile, No. 19 CV 7022, 2023 WL 5152519, at *4 (E.D.N.Y. June 27, 2023) (internal quotation marks and citations omitted), report and recommendation adopted, 2023 WL 5525096 (E.D.N.Y. Aug. 28, 2023).  In similar cases, courts have reduced counsel's fee by fifty percent of the requested amount based on the record and affidavit provided.  See Freedom Mortg. Corp. v. Abass, No. 22 CV 5577, 2025 WL 875421, at *11 (E.D.N.Y. Mar. 3, 2025), report and recommendation adopted, 2025 WL 871661 (E.D.N.Y. Mar. 20, 2025) (collecting cases).  Based on the work reflected in the record in this matter and described in counsel's affidavit, it would be unfair to deny fees entirely.  See Nationstar Mortg. LLC v. Mullany, No. 16 CV 5501, 2018 WL 4658437, at *6 (E.D.N.Y. Sept. 11, 2018) ("Given the amount of work reflected in the plaintiff's submissions and the work described in counsel's affirmation as having been performed, this Court finds an award for attorneys' fees is appropriate under the circumstances."), report and

11

recommendation adopted, 2018 WL 4637352 (E.D.N.Y. Sept. 27, 2018).  I therefore recommend reducing counsel's request by half, to $3,400.  See Abass, 2025 WL 875421, at *11.

In support of the request for costs, plaintiff has submitted invoices for costs including filing fees and service of process.  (Bill of Costs.)  "Court fees reflected on the Court's docket and costs for which a claimant provides extrinsic proof, such as an invoice or receipt, are considered sufficiently substantiated, as is a sworn statement or declaration under penalty of perjury that certain amounts were expended on particular items."  Antoine v. Brooklyn Maids 26, Inc., 489 F. Supp. 3d 68, 105 (E.D.N.Y. 2020).  Plaintiff's invoices and receipts sufficiently substantiate the requested relief for costs, and I therefore recommend that plaintiff be awarded $3,033.50 in costs.

G.  ECB and HPD

Plaintiff has named ECB and HPD as nominal defendants because they hold judgment liens subordinate to the lien of the Mortgage.  (Compl. ¶¶ 7-8.)  The municipal defendants' subordinate interests make them necessary parties to a foreclosure action under New York law.  See N.Y. R.P.A.P.L. § 1311(3); Wells Fargo Bank, N.A. v. Watts, No. 16 CV 6919, 2019 WL 3716190, at *1 (E.D.N.Y. Jan. 3, 2019), report and recommendation adopted, 2019 WL 3714582 (E.D.N.Y. Mar. 13, 2019).  Plaintiff seeks a default judgment against ECB and HPD based on their failure to respond to the complaint despite proper service of process.  (See Notice of Motion for Default Judgment and Judgment of Foreclosure and Sale, dated July 7, 2025, Dkt. No. 19, at 2.)

Courts apply a heightened pleading standard to determine whether a plaintiff has established nominal liability for municipal defendants in foreclosure actions.  Windward Bora, LLC v. Thompson, No. 18 CV 1811, 2020 WL 1242828, at *5 (E.D.N.Y. Mar. 16, 2020)

12

(citations omitted) (explaining that courts apply a heightened pleading standard where a state or city agency is named as a defendant). "The complaint must allege 'detailed facts showing the particular nature of the interest in or lien on the real property and the reason for making the state or city agency a party-defendant.'" Id. (alterations omitted) (quoting N.Y. R.P.A.P.L. §§ 202(1), 202-a(1)). In addition, the plaintiff must substantiate its allegations with documentation. See, e.g., Windward Bora LLC v. Baez, No. 19 CV 5698, 2020 WL 4261130, at *4 (E.D.N.Y. July 24, 2020) (collecting cases).

Plaintiff sufficiently alleges the nominal liability of ECB and HPD. For ECB, plaintiff has submitted a copy of a judgment lien docketed on June 30, 2023 in the Queens County Clerk's Office. (Compl., Ex. 3.) For HPD, plaintiff has submitted a collection of judgment liens against the Property docketed in the Queens County Clerk's Office for various buildings violations over a period of years. (Id., Ex. 4.) This is sufficient to establish the municipal defendants' nominal liability. See Windward Bora, LLC v. Thompson, 2020 WL 1242828, at *6 (granting default judgments against ECB and HPD where plaintiff attached documentation reflecting judgment liens); Courchevel 1850 LLC v. Pinto-Bedoya, No. 16 CV 6716, 2017 WL 5157451, at *1 (E.D.N.Y. Nov. 7, 2017) (holding that plaintiff's list of citations issued by ECB was sufficient to establish nominal liability); CIT Bank v. Dambra, No. 14 CV 3951, 2015 WL 7422348, at *6 (E.D.N.Y. Sept. 25, 2015), report and recommendation adopted, 2015 WL 7430006 (E.D.N.Y. Nov. 20, 2015) (same). I therefore recommend that default judgments be entered against ECB and HPD.

H. Appointment of a Referee

Finally, plaintiff requests that the court appoint a referee to effectuate the sale of the Property and disburse the funds from such sale pursuant to N.Y. R.P.A.P.L. § 1611. (See

13

Proposed Judgment of Foreclosure and Sale, Dkt. No. 19-22.)  Such appointments are permitted when the plaintiff establishes a *prima facie* case by presenting a note, mortgage, and proof of default.  See, e.g., Windward Bora LLC v. Brito, No. 19 CV 4073, 2020 WL 7699950, at *7 (E.D.N.Y. Nov. 24, 2020), report and recommendation adopted, 2020 WL 7296859 (E.D.N.Y. Dec. 11, 2020) (noting that "[c]ourts routinely appoint referees to effectuate the sale of foreclosed properties"); Windward Bora LLC v. Valente, No. 18 CV 4302, 2019 WL 3872853, at *4 (E.D.N.Y. July 16, 2019) ("Because Plaintiff has established its presumptive right to foreclose upon the Subject Property due to Defendants' default, the Court recommends that a judgment of foreclosure be entered and that a Referee be appointed to effectuate the sale of the Subject Property.").  I therefore recommend that plaintiff be directed to propose the names of three referees, along with a brief description of their qualifications, to effectuate the sale of the Property through a public auction.[1]  Windward Bora, LLC v. Thompson, 2020 WL 1242828, at *6.

### CONCLUSION

For the foregoing reasons, I respectfully recommend that plaintiff's motion for a default judgment of foreclosure and sale be granted in the amount of $738,450.11 plus interest at the rate of 3.375 percent from May 7, 2025 to the date of judgment.  I further recommend that plaintiff be awarded $3,400 in attorney's fees and $3,033.50 in costs, and that a referee be appointed to effectuate the sale of the Property and distribute the funds from such sale in accordance with N.Y. R.P.A.P.L. § 1354.

---

[1]  Plaintiff has proposed a referee named Scott H. Siller, Esq., but has not described his qualifications or experience.  (See Proposed Judgment of Foreclosure and Sale, Dkt. No. 19-22.) I find it best practice to have plaintiffs propose three candidates and describe their qualifications.

14

Any objections to this report and recommendation must be filed with the Clerk of the Court within fourteen (14) days. Failure to file objections within the specified time waives the right to appeal the district court's order. See 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), 6(d). Plaintiff is directed to serve copies of this report and recommendation on the defaulting defendants by regular mail, and to file proof of service within ten (10) days of the date of this report and recommendation.

Respectfully submitted,

*Robert M. Levy*

ROBERT M. LEVY
United States Magistrate Judge

Dated:  Brooklyn, New York
        February 17, 2026

15